# Pennsylvania Railroad Company *v.* Waverly Oil Works Company, Appellant.

*Railroads—Detention of cars—Demurrage—Private cars—Private sidings.*

1. In an action by a railroad company to recover demurrage for the detention of freight cars, where it appears that the cars were not owned by the defendant, it is no defense that the cars were owned by private parties, and not by railroad companies, and that they were detained on defendant's private siding in which no railroad company had any ownership or interest.

2. If consignees may detain loaded private cars at pleasure an advantage is afforded them, which is not accorded to consignees receiving freight in cars owned by the railroad company, and this is inconsistent

with sec. 3 of art. 17 of the constitution of Pennsylvania, and the Act of Pennsylvania of May 31, 1907, P. L. 354, enacted to give effect to that section.

3. Private cars are subject to demurrage rules whether they are engaged in interstate or intrastate commerce.

Argued April 23, 1914.   Appeal, No. 27, April T., 1914, by defendant, from order of C. P. Allegheny Co., Oct. T., 1910, No. 766, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Pennsylvania Railroad Company v. Waverly Oil Works Company.   Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Assumpsit for demurrage.   Before DAVIS, J.
Rule for judgment for want of a sufficient affidavit of defense.

The court below stated the facts to be as follows:

The defendant admits that the plaintiff received, as a common carrier, certain freight in private cars of consignors; that such cars were delivered by plaintiff to defendant as consignees on private tracks of defendant; that the cars were detained more than forty-eight hours, and that plaintiff's claim of $37.00, with interest from May 28, 1910, is a correct statement of the amount of plaintiff's demand for demurrage for the detention of ten cars at $1.00 per day, for time exceeding forty-eight hours "free time."

Defendant denies any legal liability on this statement, and contends that no contractual relation existed, either expressed or implied, with the plaintiff to pay any demurrage charges for cars owned by private shippers detained for any length of time the defendant may deem necessary or convenient upon its own private tracks, and avers if any right of action lies for the detention of such cars, the right existed in the owner of the cars, and not in the common carrier.

The defendant further admits that the cars in question were engaged in intrastate shipments of freight, and further avers that it is not bound by any rules or regulations adopted or approved by the Interstate Commerce Commission, applying to private cars on private sidings, engaged in interstate commerce.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*J. S. Christy,* with him *C. D. Chamberlin,* for appellant.—If the defendant unreasonably detained the car of the owner, he is liable to the owner and only to the owner: Coleman v. Penna. R. R. Co., 242 Pa. 304; Logan Coal Co. v. Penna. R. R. Co., 154 Fed. Repr. 497; Trunick v. Smith, 63 Pa. 18.

The discrimination must be undue and unreasonable: Hoover v. Penna. R. R. Co., 156 Pa. 220; Steinman v. Edison E. Illuminating Co., 43 Pa. Superior Ct. 77.

The rulings of the Interstate Commerce Commission in force at the time this action arose did not permit demurrage charges upon private cars on private sidings: In re Demurrage on Private Tank Cars, 13 I. C. C. Rep. 378; Proctor v. R. R. Co., 19 I. C. C. Rep. 556.

*James R. Miller,* of *Patterson, Crawford & Miller,* for appellee.—Even in the absence of a special contract, a railroad may charge demurrage for delay in unloading: Nicolette Lumber Co. v. People's Coal Co., 213 Pa. 379.

It is not proper to allow a consignee whose goods come to him shipped in a car not owned by the railroad company to receive advantages over consignees of freight in cars owned by the railroad: Proctor v. R. R. Co., 19 I. C. C. Rep. 556; Interstate Commerce Commission v. Illinois Cent. R. R. Co., 215 U. S. 452; Kentucky Wagon Mfg. Co. v. O. & M. Ry. Co., 98 Ky. 152.

OPINION·BY HENDERSON, J., July 15, 1914:

The plaintiff's claim is for demurrage on ten· loaded freight cars used in intrastate transportation and delivered on the siding of the defendant. No objection is made to the reasonableness of the plaintiff's demurrage rule as to free time and the amount charged. The defense presented in the affidavit of defense is that the cars for which the charge is made were not the property of the plaintiff company nor of any other common carrier but were the cars of private companies engaged in private enterprises and in no way engaged in business as common carriers. It is further alleged by way of defense that the cars were detained by the defendant on its own private siding in which siding neither the plaintiff company nor any other common carrier ever had any ownership or interest of any kind. The right of the plaintiff as a common carrier to establish reasonable demurrage rules cannot be doubted: Penna. R. R. Co. v. Midvale Steel Co., 201 Pa. 624; Kentucky Wagon Mfg. Co. v. Ohio, etc., R. R. Co., 98 Ky. 152; Miller v. Georgia R. R., etc., Co., 88 Georgia, 563. Such rules are intended to increase the efficiency of the agencies of transportation by speeding the unloading of cars, and the rules apply to all classes of shippers. The appellant's position is that because the cars were privately owned they are not under the operation of the demurrage rules. It is clear that if they were the plaintiff's cars the defense would be unavailable, but it has never been held that title in the plaintiff to the cars in question must be established to sustain an action for demurrage. As applied to interstate commerce the law is that private cars are subject to demurrage rules: Proctor & Gamble Co. v. R. R. Co., 19 I. C. C. Reps. 556; Interstate Commerce Commission v. Illinois, etc., R. R. Co., 215 U. S. 452. While the plaintiff's claim does not arise out of an interstate commerce transaction no persuasive reason has been presented why the principle applied in interstate commerce transportation should not prevail in

intrastate shipments. If consignees may detain loaded private cars at pleasure an advantage is afforded them which is not accorded to consignees receiving freight in cars owned by the railroad company and this is inconsistent with sec. 3 of article 17 of the constitution and the Act of May 31, 1907, P. L. 354, enacted to give effect to that section. This legislation forbids that undue or unreasonable discrimination be made in facilities for transportation of freight within the state, and to give full effect to this demand of the law it is necessary that all shipments be put on the same footing with reference to demurrage charges. The cars did not belong to the defendant and it has no standing to inquire what were the circumstances under which the plaintiff obtained possession of them from the owners. Very many of the cars used by each of the principal railroads of the country belong to other railroads or corporations or individuals, but they are no less railroad cars engaged in transportation and are committed for the time being to the control and management of the company over whose road they are operated. It is a practice generally prevailing among carriers transporting freight by rail to transfer cars containing freight consigned to points beyond the carrier's terminal to the connecting road. This is greatly to the advantage of shippers as it avoids the necessity of the removal of freight from car to car and makes practicable a delivery of the freight more quickly. By accepting the freight the defendant became a party to the contract of shipment and is affected by a lawful rule regulating demurrage arising from such contract: Penna. R. R. Co. v. Midvale Steel Co., supra. The use of a loaded private car and the delivery of the same to the consignee on a private track does not put the carrier and the consignee in a different relation to the demurrage rule than would be the case if transportation had been in the car of a railroad company. The private siding was not only a convenience to the consignee but was an

instrumentality of transportation for the delivery of the merchandise. The fact that the private siding was used did not give the consignees control over the cars of other corporations or persons. If the result claimed by the appellant were allowed the owners of private sidings and switches would have a great advantage over shippers who were obliged to accept their freight from the tracks of the carrier and one of the discriminations would be thus afforded which the law prohibits. Cars are not intended for storage of freight and it was the right of the carrier in this instance to demand of the consignee that it return the cars to transportation at the end of the free time.

The judgment is affirmed.