## Erie Railroad Company v. Kreitner Brothers, Inc.

*Railroads—Rates—Published schedules—Mistake of railroad's employee— Lower rate paid by shipper — Payment of difference to carrier — Common carriers.*

1. A carrier cannot depart to any extent from its published schedule of rates on file.

2. Carriers, shippers and consignees are charged with knowledge of such rates.

3. If an agent of the carrier has by mistake charged and collected a less rate, the carrier may recover from the shipper the difference between the schedule rate and the amount collected.

4. If in such case the shipper files an affidavit of defence in which he positively avers that the rates alleged by the carrier as the scheduled rates are not so in fact, the case must go to the jury.

*Practice, C. P.—Affidavit of defence—Exceptions.*

5. Exceptions to an affidavit of defence need not be sworn to in the absence of a rule of court requiring it.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Wayne Co., Jan. T., 1922, No. 55.

*Knapp, O'Malley, Hill & Harris* and *A. G. Rutherford,* for plaintiff.

*Mumford & Mumford,* for defendant.

SEARLE, P. J., Jan. 2, 1923.—Plaintiff claims the sum of $630.26, with interest from Sept. 10, 1920, said sum being the difference actually paid by defendant on freight upon twenty cars of brick, and the amount plaintiff claims was the correct charge which defendant should have paid in accordance with joint tariffs duly filed according to law.

Article II, section 1, of the Act of Assembly of July 26, 1913, P. L. 1374, provides as follows:

"It shall be the duty of every public service company . . .

"*b.* To render and furnish all such service at prices, charges, rates, tolls, fares or compensation that shall be just and reasonable and in conformity with such reasonable regulations or orders as may be made by the commission.

"*d.* Whenever and in the form required by the commission, to file with the commission tariffs and schedules, showing prices, charges, rates, fares, tolls or other compensation asked, demanded or received for any service rendered or furnished by said company. . . ."

It is now the established rule that a carrier cannot depart to any extent from its published schedule of rates for interstate transportation on file without incurring the penalties of the statute: Louisville & Nashville R. R. Co. *v.* Mottley, 219 U. S. 467.

The rate for transportation is made by the Interstate Commerce Commission Act a subject of positive law and contracts, express or implied, providing otherwise, or any consent or permission through which a lower rate is claimed or sought to be enforced is of no effect. Shippers and consignees are alike charged with knowledge of the rate to be paid and are not entitled to exemption from compliance therewith because an agent of the carrier made a mistake in giving a lower rate.

Where a railroad company delivers goods to the consignee named in the bill of lading, and through the mistake of an employee demands and receives from the consignee a less amount than the lawful charge for the services rendered, the railroad company is not estopped from subsequently recovering the difference between the amount actually paid and the legal rate: P. & R. Ry. Co. *v.* Baer, 56 Pa. Superior Ct. 307.

Where there has been a departure from established and published rates for the transportation of freight, either by mistake or for other reason, the legal rate must be paid by the shipper: Central R. R. of N. J. *v.* Mauser, 241 Pa. 603.

Under the Interstate Commerce Act, the rates to be collected by a carrier are matters of positive law, and shippers, carriers and consignees alike are charged with knowledge: Pennsylvania R. R. Co. *v.* Whitney & Kemmerer, 73 Pa. Superior Ct. 588.

The charges of a common carrier which have been approved by the Public Service Commission are not alterable, either by the shipper, the common carrier or the consignee. They have the force and effect of positive law, and no act of omission or commission or of purpose or of mistake of either can modify or change them. If it were otherwise, the purpose for which the charges are fixed and approved, to prevent unjust discrimination in the carrier's dealings with the public, would fail of accomplishment: Pennsylvania R. R. Co. *v.* Silberman, 29 Dist. R. 605, citing Pennsylvania R. R. Co. *v.* Crutchfield, 55 Pa. Superior Ct. 346; Pennsylvania R. R. Co. *v.* Waverly Oil Works, 58 Pa. Superior Ct. 154; Central R. R. of N. J. *v.* Mauser, 241 Pa. 603.

Where the agent of a railroad has by mistake charged and collected a less amount of freight than that specified in the published schedule, the company may thereafter collect the difference from the shipper or person liable for the freight: Pennsylvania R. R. Co. *v.* Crutchfield, 55 Pa. Superior Ct. 346.

So in this case there is no doubt about the right of the plaintiff to recover from the defendant any amount of freight upon the twenty carloads of bricks, provided the correct amount was not paid and plaintiff's statement sets forth a good cause of action.

Defendant has filed an affidavit of defence containing ten paragraphs. This has been excepted to by plaintiff. These exceptions were not sworn to, and the defendant, in answering them, states they should be dismissed because they were not sworn to as provided by our rule of court. Our rule of court, however, does not provide that exceptions to an affidavit of defence must be sworn to. We note this simply as a matter of practice.

We have carefully examined defendant's affidavit of defence. The only paragraph which contains any substantive defence to this action is paragraph six, which is as follows:

"The defendant denies the statements set forth in the sixth paragraph of plaintiff's statement, and alleges that the freight charges on the shipments of brick from Hillsdale, Pa., and Inkerman, Pa., to White Mills, Pa., are not the amounts shown in plaintiff's Exhibit 'A,' and defendant alleges that the rates furnished to defendant by the Lackawanna & Wyoming Valley Railroad Company and the plaintiff are the rates defendant is liable for, and that the rates claimed by plaintiff and mentioned in plaintiff's Exhibit 'A' are not reasonable rates."

The statements contained in all of the other paragraphs of defendant's affidavit of defence are immaterial and irrelevant and could in no wise prevent a recovery as an affidavit of defence, nor could the matters therein contained, if proved in court, prevent plaintiff obtaining his judgment.

The plaintiff, however, has stated the rates he claims should be the rates upon twenty carloads of brick. Defendant, in paragraph six above quoted, denies those rates absolutely and sets forth other rates he alleges he is liable for.

This raises a substantive defence. The responsibility for making this statement is upon the defendant, and the courts have said, being supposed to know

3 D. & C.

the rates as a shipper, if rates proved on the trial of the case should be the rates claimed by the plaintiff, then defendant would suffer for making this statement, at least by added cost and expense of the trial. But this affidavit has been made and the responsibility, therefore, is the defendant's; and, under these circumstances, we do not see how we can determine which is the correct rate, but that must be decided by a jury, unless the defendant should ascertain, before trial, that he has made an affidavit which he cannot substantiate.

For the reason set forth in said paragraph six of affidavit of defence, motion for judgment for want of sufficient affidavit of defence is denied.

From A. G. Rutherford, Honesdale, Pa.